# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE KING, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | No. 4:07CV1815-SNL |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The motion of Johnnie King, pursuant to 28 U.S.C. § 2255, is before the Court. The Government has responded in opposition and Movant has replied to the response. All of Movant's pleadings are supported with substantial memorandum.

## Background

Following a plea of guilty to Count II of the indictment, Movant was sentenced by this Court October 17, 2006. The offense was knowingly and intentionally possessing, with the intent to distribute, in excess of 50 grams of a mixture of substance containing a detectable amount of cocaine base (crack). Movant was sentenced to imprisonment for a term of 196 months.

Pursuant to the plea agreement, defendant waived all rights to appeal his conviction and sentence except for the prosecutorial misconduct or ineffective assistance of counsel. In Movant's present motion, the assignments he makes involve the asserted ineffective assistance of counsel.

## Standard of Review

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694. See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant ]would not have pleaded guilty and would have insisted on going to trial" Id. at 59.

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. to show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. accord Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.)"

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.2d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D.Ia.), United States v. Trotter, 2002 WL 827416 (D.Neb.), United States v. Knakmuhs, 2000 WL 34031866 (N.D.Ia.). See also Coleman v. U.S., 2005 WL 3021104 (E.D.Mo. 2005).

This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), Matthews, 114 F.3d at 113). A defendant may surmount this procedural default only if the defendant "can show both (1) cause that excuses the default and (2) actual prejudice from the errors asserted." Matthews, 114 F.3d at 113.

**Analysis**

Movant sets out four grounds in which he urges ineffective assistance of counsel. Several memorandums are attached to the motion and the Court will attempt to examine all of the assignments made. Many are duplicative and if the Court addresses one concern as it is discussed in a particular ground, it will be equally applicable to the same assertion that may be made in a subsequent ground.

Ground One:

"Failing to object to the miscalculation of the Guidelines during sentencing." Pursuant to § 4A1.1 of the Advisory Sentencing Guidelines, in order to be classified as a career offender, the Movant must have been 18 years of age at the time he committed the offense involved and that such offense must be a felony of either a crime of violence or a controlled substance offense and Movant must have a record of at least two prior felony convictions of either a crime of violence or a controlled substance. Movant does not dispute that he was over 18 years of age at the time he entered a plea of guilty to the felony crime involving a controlled substance. He does dispute two prior felony convictions of either a crime of violence or a controlled substance and urges that his counsel should have been more diligent in presenting his position on this point.

The Presentence Investigation Report prepared by the United States Probation Officer revealed that Movant had prior convictions for distribution of a controlled substance, for resisting and interfering with arrest and a second different conviction for resisting and interference with a felony arrest. See paragraph 29, 41 and 45 of the report. Movant asserts first that these three convictions were not crimes of violence or of a controlled substance. This argument is without merit. The one conviction for distribution of a controlled substance obviously involved "a controlled substance." The two separate unrelated convictions of resisting

3

and interference with arrests are crimes of violence.

"The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, . . ." § 4K1.2, Sentencing Guidelines. The commentary to the section provides that offenses are included as crimes of violence if the offense has as an element the use, attempted use, or threatened use of physical force against the person of another.

It is obvious that offenses involving resisting and interfering with arrest have an element of the use or attempted use or threatened use of physical force against the person of another. Accordingly, counsel for Movant was not deficient in failing to urge to the Court that those convictions did not cause Movant to qualify as a career offender.

Movant next argues that counsel was ineffective in not objecting to the way in which the criminal history was computed.

In the preparation of the Presentence Investigation Report the United States Probation Officer assessed one point for each of the three convictions which caused Movant to be a Career Offender, all in the calculation of the Criminal History Category. This computation followed the provisions of § 4A1.1(c) of the Sentencing Guidelines. Apparently, Movant urges that § 4A1.1(f) should be utilized.

Section 4A1.1(f) states that one point should be added for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under earlier subsections because such sentence was counted as a single sentence. Movant's position is without merit because the commentary to the section suggests that § 4A1.1(f) is applicable only where the crimes of violence are counted as a single sentence. That is not the case here as each one of the three sentences were for separate offenses, all occurring at different times and they were not consolidated in any fashion.

Movant cites U.S. v. Peters, 215 F.3d 861 (8th Cir. 2000) to support his position. That case involved a situation similar to that of Movant and in that case the Court of Appeals remanded the case to the

4

District Court for re-sentencing for the purpose of addressing the issue of how crimes should be listed in either the Presentence Report or by the District Court in the calculation of Criminal History points pursuant to § 4A1.1 of the Guidelines. Peters is distinguished from the existing case in that Peters was convicted of burglary in three separate counts which were consolidated for sentencing purposes, and accordingly, were deemed related cases under the Sentencing Guidelines and were to be treated as one sentence for purposes of § 4A1.1(a)(b)and (c). In the present case, the three cases causing Movant to be a career offender were not related. Second, the first conviction was for distribution of a controlled substance and the next two convictions were for resisting and interfering with arrest. Accordingly, they could not relate back to the conviction for a controlled substance. Since it is obvious that these cases are not related and that Peters would not be applicable, Movant's attorney did not fall below an objective standard of reasonableness in attempting to persuade the Court that the methods or the calculation of the criminal history points was erroneous.

**Grounds Two, Three and Four**

"See attached points 1-5." Points 1 through 5 were the same ones addressed in Ground One and will be incorporated as the Court's ruling in Ground One. Nonetheless, there are certain other areas that it appears Movant may be asserting that the court will address.

Apparently, Movant believes that his counsel was ineffective because he advised Movant to plead guilty to a quantity of 52 grams of crack cocaine and that there was insufficient evidence to support a finding that the cocaine was, in fact, crack cocaine. In support of this argument, Movant has sent the Court two letters one dated June 10, 2008 and one dated June 16, 2008 in which he takes issue with the labratory report showing gross weight of 52.02 grams. It appears to the Court that as in many § 2255 cases, Movant uses hindsight as a basis for his arguments. This case proceeded as an ordinary plea agreement case. Movant and the Government entered into a plea agreement in which Movant in the Statement of Facts agreed to the quantity of the cocaine involved, and also agreed that it was, in fact, crack cocaine. The material available

5

to the U.S. Attorney as to quantities and content, was also made available to defendant and his counsel. At the time of the plea, the Court had Movant examine the factual statement in the plea agreement, and on further inquiry, Movant admitted that all of the facts in the statement were accurate. At the time of the plea, the parties referred to that portion of the agreement addressing sentencing that the statement concerning the mandatory minimum of five years was incorrect because the quantity involved in the indictment and to which Movant entered a plea of guilty was in excess of 50 grams of crack cocaine. Under those circumstances, the mandatory minimum sentence of imprisonment was 10 years as provided by law. That change was made to the agreement, and the parties initialed that correction. It is obvious therefore that Movant was intimate with the quantity and content of the crack cocaine involved, and counsel was not ineffective for failing to challenge the procedure in that area.

Movant also asserts the Court to find the proceedings unconstitutional and in violation of Booker.[1] In United States v. Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakeley, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakeley from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523.

At the time of taking the plea, the Court went over the plea agreement in detail with Movant, and at the close of the proceeding inquired if there was anything in the agreement that Movant did not understand and Movant stated that he understood everything in the agreement. At the same time, he stated that he was

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakeley v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); U.S. v. Booker, 543 U.S. 200, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

satisfied with his counsel's representation.

Accordingly, the Court finds that there is no reasonable probability but that for counsel's alleged errors, Movant would not have pleaded guilty and would have insisted on going to trial. There is no showing that his counsel's performance fell below an objective standard of reasonableness. The Court finds that Movant has not established the burden to show ineffective assistance of counsel, and that his motion should be denied.

In view of these findings, the Court finds that it is unnecessary to have an evidentiary hearing. Covey v. U.S., 377 F.3d at 909.

Dated this   22nd   day of July, 2008.

*[signature: Stephen N. Limbaugh]*

SENIOR UNITED STATES DISTRICT JUDGE