**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOHNNIE KING, | ) |
| | ) |
|         Movant, | ) |
| | ) |
|   vs. | )    No. 4:07CV1815-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|         Respondent. | ) |

**ORDER**

On June 19, 2006, Johnnie King pled guilty before the Honorable Stephen L. Limbaugh, Sr. of this Court to a charge of possession with intent to distribute in excess of fifty grams of cocaine base, in United States v. Johnnie King, 4:06CR201-DJS. On October 17, 2006, Judge Limbaugh sentenced King to a term of 196 months' imprisonment. On October 19, 2007, King initiated these civil proceedings by his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. By his memorandum opinion and order of July 22, 2008, Judge Limbaugh found King to be entitled to no relief and denied King's §2255 motion. Now before the Court[1] are a number of post-judgment motions in the matter.

---

[1] The case was reassigned to the undersigned judge on November 3, 2008.

On August 5, 2008, King timely filed a motion pursuant to Fed.R.Civ.P. 59(e) [Doc. #19] for reconsideration of the adverse judgment. Thereafter on October 20, 2008, King filed a supplemental motion for reconsideration [Doc. #24] pursuant to Rule 59(e), and on January 22, 2009 and April 28, 2009, King filed letters with exhibits [Doc. #33 and #36] in the nature of additional memoranda in support of his motions for reconsideration. "Rule 59 motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." Parton v. White, 203 F.3d 552, 556 (8th Cir. 2000). See also K.C.1986 Ltd. Partnership v. Reade Mfg., 472 F.3d 1009, 1016 (8th Cir. 2007). Instead, Rule 59(e) motions "serve the limited function" of correcting manifest errors of law or fact or to present newly discovered evidence. U.S. v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).

First, King contends that Judge Limbaugh erred in rejecting his claim that counsel rendered ineffective assistance in failing to argue that under United States v. Peters, 215 F.3d 861 (8th Cir. 2000), King was incorrectly categorized as a career offender for sentencing purposes. The Court has reviewed King's arguments, the record of the criminal case, and Judge Limbaugh's analysis of the issue, and finds no manifest error of law or fact.

Next King questions whether the 196-month term of imprisonment imposed correctly reflected the sentencing judge's intention as to a reduction of 25% from the bottom of the Guidelines imprisonment range. Examination of the sentencing transcript conclusively shows that the sentence was imposed in accordance with Judge Limbaugh's intentions. Applying the career offender provisions, Judge Limbaugh determined the total offense level was 34 and the criminal history category was VI. Sentencing Transcript [Doc. #104 in Cause No. 4:06CR201-DJS], p.23. Judge Limbaugh then granted the government's §5K1.1 motion by departing downward to a total offense level of 30, which, with the criminal history category of VI, suggested an imprisonment range of 168 to 210 months. Id. at 26. The 196 months' imprisonment imposed fell within this range, and, as Judge Limbaugh explained, was reached by subtracting 25% from the bottom of *the original career offender range* of 262 to 327 months. Id.

Finally, King argues that his counsel was ineffective for ignoring, and failing to investigate, King's repeated contention that the drugs weighed less than 50 grams. This contention is unavailing in light of King's entry of his guilty plea, and his stipulation in connection therewith that the amount of cocaine base involved was more than 50 grams. King stood before Judge Limbaugh at the time of his plea and confirmed the correctness of his agreement to such facts and his guilt of the offense involving in

excess of 50 grams of cocaine base. His contradictory assertion thereafter cannot entitle him to the relief he seeks.

Besides these matters of the merits of King's Rule 59(e) motions, he filed various other motions which the Court must address. The case having been reassigned to the undersigned, the Court will deny as moot King's motion to disqualify the Honorable Stephen N. Limbaugh, Jr., to whom the case was briefly assigned. King's motion to strike any late response by the government to his Rule 59(e) motions [Doc. #26] will be denied as moot, in that the government has submitted no such memoranda. King's motion for summary judgment pursuant to Fed.R.Civ.P. 56 [Doc. #27] will be denied, as such a motion is not properly filed in a closed matter in an effort to challenge an adverse judgment. Finally, the Court is not persuaded to appoint counsel for purposes of these post-judgment matters, and King's motion for appointment of counsel [Doc. #31] will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant Johnnie King's motions for reconsideration [Docs. #19 and #24] of the adverse judgment, pursuant to Fed.R.Civ.P. 59(e), are denied.

**IT IS FURTHER ORDERED** that King's motion for recusal or disqualification of judge [Doc. #23] is denied as moot.

**IT IS FURTHER ORDERED** that King's motion to strike [Doc. #26] is denied as moot.

4

**IT IS FURTHER ORDERED** that King's motion for summary judgment [Doc. #27] is denied.

**IT IS FURTHER ORDERED** that King's motion for appointment of counsel [Doc. #31] is denied.

Dated this ___7th___ day of May, 2009.

                                                 /s/ Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE